UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
: 
R. ALEXANDER ACOSTA, : CASE NO. 1:17-cv-1755
        Secretary of Labor, :
        U.S. Department of Labor :
:
        Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc. 10]
WILMINGTON TRUST, N.A., et al. :
:
        Defendants. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

    The U.S. Department of Labor ("the Department") alleges that Defendant Wilmington Trust, N.A. ("Wilmington Trust") violated ERISA by improperly approving the Graphite Sales, Inc. Employee Stock Ownership Plan's ("ESOP") purchase of the outstanding stock of Graphite Sales, Inc. ("Graphite").

    Defendant Wilmington Trust moves to transfer this case to the District of Delaware.[1] The Department opposes.[2]

    For the following reasons, the Court **DENIES** Defendant Wilmington Trust's motion to transfer venue.

## I. Background

    The Department brought suit in this Court against Defendant Wilmington Trust. Wilmington Trust has its principal place of business in Wilmington, Delaware.[3]

---

[1] Doc. 10.
[2] Doc. 19.
[3] Doc. 10 at 3.

Case No. 1:17-cv-1755
Gwin, J.

According to the Department's complaint, Defendant Wilmington Trust violated its fiduciary duties under ERISA by approving the ESOP's purchase of Graphite's outstanding stock based on a faulty valuation opinion and after a lack of due diligence.[4] Because of Defendant's alleged failings, the ESOP arguably overpaid for Graphite's stock by approximately $6 million.[5]

Defendant Wilmington Trust now moves to transfer this case to the District of Delaware.[6] Defendant argues that the District of Delaware is a more convenient forum for key party witnesses and for potential third-party witnesses,[7] who reside in Delaware, New York, or Washington, D.C.[8] Defendant also argues that all of the business records relevant to the Department's claims are in or near Delaware.[9]

The Department opposes Defendant's motion to transfer.[10] The Department argues that Wilmington Trust overstates the convenience gains for the witnesses it identified.[11] The Department argues that Defendant ignores the additional burden transferring venue will place on the Department, as well as on additional witnesses and interested parties located in or near Ohio.[12] Further, the Department argues that the tangible evidence in this case is documentary, and is therefore easily transferred.[13] The Department also argues that Wilmington Trust bore the risk of litigating in Ohio when it chose to conduct business with the Ohio-based ESOP.[14]

---

[4] *See* Doc. 1 at 1-2.
[5] *Id.*
[6] Doc. 10.
[7] *Id.* at 4-6.
[8] *Id.*
[9] *Id.* at 6-7.
[10] Doc. 19.
[11] *Id.* at 7-8.
[12] *Id.* at 8-9.
[13] *Id.* at 9-10.
[14] *Id.* at 8-9.

Case No. 1:17-cv-1755
Gwin, J.

## II. Legal Standard

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." When considering a motion to transfer, the Sixth Circuit typically requires "a district court [to] consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'"[15] A district court has broad discretion over whether to transfer a case under § 1404.[16]

If the original venue is proper, "a plaintiff's choice of forum is given substantial weight," unless the defendant shows that convenience and the interests of justice "strongly favor transfer."[17] Ultimately, "[t]he defendant, because it is the party requesting a transfer of venue, bears the burden of proof to show the factors weigh 'strongly' in favor of transfer."[18] When a defendant makes such a showing, transfer is appropriate. "But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."[19]

Typically, where venue is proper in more than one forum, either party will face some inconvenience no matter which venue is chosen. Consequently, if a change of venue merely shifts the inconvenience from one party to another, a change of venue is not warranted.[20]

---

[15] *Siegfried v. Takeda Pharm. N. Am., Inc.*, No. 1:10-cv-02713, 2011 WL 1430333, at *2 (N.D. Ohio Apr. 14, 2011) (quoting *Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991)).
[16] *Kerobo v. Sw. Clean Fuels, Corp.*, 285 F.3d 531, 537 (6th Cir. 2002) (citations omitted).
[17] 14D Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3801 (4th ed.2014).
[18] *Picker Int'l, Inc., v. Travelers Indem. Co.*, 35 F. Supp. 2d 570, 573 (N.D. Ohio 1998).
[19] *Gulf Oil Co. v. Gilbert*, 330 U.S. 501, 508 (1947); *see also* Wright & Miller, 14D *Fed. Prac. & Proc. Juris.* § 3828.2 (4th ed. 2014) ("[C]ourts afford at least some deference to the plaintiff's choice of forum.").
[20] *Kirk v. Shaw Envtl., Inc.*, No. 1:09-cv-1405, 2010 WL 520827, at *3 (N.D. Ohio Feb. 5, 2010) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 646 (1964)).

Case No. 1:17-cv-1755
Gwin, J.

"Consistent with that principle, a generalized assertion by a defendant that witnesses reside in, and documents are located in, the proposed transferee district, is generally insufficient to merit transfer."[21]

### III. Discussion

As an initial matter, the parties do not dispute that venue is proper both here and in the District of Delaware. Therefore, the Court will only transfer venue if Defendant Wilmington Trust can establish that convenience and the interests of justice "strongly favor transfer."[22]

The parties' briefing shows that whether this Court hears this case or transfers this case to the District of Delaware, someone will be inconvenienced. The District of Delaware would undoubtedly be a more convenient forum for both Defendant Wilmington Trust's employee witnesses and for those third-party witnesses located in New York or Washington, D.C.

However, Graphite and its employees who will be involved in this suit are based in Ohio. The branch of the Department that investigated this case is also located in Ohio. Additionally, numerous other relevant people and companies, such as the selling shareholders; Edgepoint Capital Advisors, LLC, whom Graphite hired to assist in its sale; and three companies that previously appraised Graphite, are all Ohio based. Transferring venue to Delaware would increase the inconvenience for each of these non-party witnesses. As such, this case will inevitably cause inconvenience to some party and third-party witnesses regardless of which court hears it.

---

[21] *Id.* (citing *Hartford Accident & Indem. Co. v. Dalgarno Transp., Inc.*, 618 F. Supp. 1450, 1452 (S.D. Miss. 1985)).
[22] 14D Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3801 (4th ed.2014).

Case No. 1:17-cv-1755
Gwin, J.

Moreover, the evidence that Defendant Wilmington Trust identifies as more easily accessed in Delaware seems to consist wholly of paper and electronic documents. The Court affords minimal weight to the location of this type of evidence because it is easily copied and transferred.[23] Indeed, the parties will almost undoubtedly make multiple copies of any relevant documents simply as a matter of course in this litigation.

Finally, three factors clearly weigh against transfer. First, while a federal agency's choice of forum is entitled to less deference than that of a traditional private party litigant,[24] the Department's choice of forum is still a relevant consideration that the Court finds entitled to some deference.[25]

Second, the majority of the ESOP participants that Wilmington Trust has allegedly wronged are located in Ohio, and none of these people is located in Delaware.[26] Transferring this case to the District of Delaware would increase the cost of any involvement these people might choose to have in this case, and would work against the broader societal interest in allowing interested parties to witness the adjudication of their claims. This factor suggests that transferring this case would not serve the interests of justice.

Third, Defendant Wilmington Trust could and should have contemplated the potential inconvenience and expense of litigating in Ohio when it chose to conduct business in the state.

---

[23] *See* U.S. v. Cinemark USA, Inc., 66 F. Supp. 2d 881, 890 (N.D. Ohio 1999).
[24] *See* Pension Ben. Guar. Corp. v. Uforma/Shelby Bus., No. 1:12-cv-2661, 2013 WL 1500445, at *5 (N.D. Ohio Apr. 9, 2013).
[25] *See* Reese v. CNH Am. LLC, 574 F.3d 315, 320 (6th Cir. 2009) (noting that "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed") (internal quotations omitted).
[26] *See* Doc. 19-1 at 2 (noting that 42 of 57 plan participants reside in Ohio).

Case No. 1:17-cv-1755
Gwin, J.

To the extent one party must be more inconvenienced than the other, this factor weighs in favor of requiring Wilmington Trust to bear the burden.

Because Defendant Wilmington Trust has not shown that either convenience or the interests of justice strongly favor transfer,[27] the Court declines to transfer venue to the District of Delaware.

### IV. Conclusion

For the preceding reasons, the Court **DENIES** Defendant Wilmington Trust's motion to transfer venue.

IT IS SO ORDERED.

Dated: December 20, 2017  *s/ James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[27] See *Picker Int'l, Inc.,* 35 F. Supp. 2d at 573.