UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
R. ALEXANDER ACOSTA, : CASE NO. 1:17-CV-1755
U.S. SECRETARY OF LABOR, :
:
Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc. 37]
WILMINGTON TRUST, N.A., *et al.*, :
:
Defendants. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this suit, Plaintiff Department of Labor claims that Defendant Wilmington Trust ("Wilmington") violated the Employee Retirement Income Security Act.[1] Plaintiff expert James A. Krillenberger has prepared a proposed expert report and rebuttal report. Wilmington now moves to compel Krillenberger to disclose certain documents and information.[2] For the following reasons, the Court **DENIES** Defendant's motion to compel.

## I.  Background

The Court has discussed the Krillenberger expert report and its salience to this suit in an earlier opinion.[3] As relevant here, Krillenberger is a business valuation expert. His proposed opening report and rebuttal report discuss the valuation of Graphite Sales, Inc., a graphite processing company purchased by Defendant Graphite Sales, Inc. Employee Stock Ownership Plan in 2011.

---

[1] Codified in part at 29 U.S.C. ch. 18.
[2] Doc. 37. Plaintiff opposes. Doc. 45. Defendant replies. Doc. 46.
[3] Doc. 42.

Case No. 1:17-cv-1755
Gwin, J.

Wilmington's January 2, 2019 motion raises five discovery issues. On January 17th, Plaintiff disclosed additional information. Plaintiff states that this disclosure resolves two of those discovery issues and partially resolves a third.[4] Given this resolution, Wilmington has three outstanding requests:

1) The identity of companies to which Mr. Krillenberger provided services related to employee stock ownership plans;
2) Documents related to Mr. Krillenberger's work concerning the Graphite Sales, Inc. Employee Stock Ownership Plan that he performed before [Plaintiff] filed this lawsuit; and
3) Information related to Mr. Krillenberger's work as an employee stock ownership plan valuation expert for the Plaintiff, including (a) the number of times he concluded that a valuation firm had erred in appraising the value of stock to be purchased by an ESOP, and (b) the number of times he had concluded that an ESOP paid more than fair market value for the stock at issue.[5]

## II.  Discussion

### A.  Krillenberger's Prior Services to Private Companies

Defendant argues that Rule 26(a)(2)(B)(ii) requires Krillenberger to disclose the names of previous companies for whom he provided employee stock ownership plan-related services. Because Plaintiff stated in his deposition that his previous work providing employee stock plan-related services provided (at least in part) the basis for the opinions expressed in his report,[6] Defendant argues that those company names are discoverable "facts or data considered by the witness" in forming his opinion.[7]

---

[4] *See* Doc. 45 at 1.
[5] See Doc. 37 at 2.
[6] *See* Doc. 37-2 at 14. ("Q: But I understand your testimony to be that your work in this case is based upon your prior experience in the valuation industry, and part of that is the work that you did at [Price Waterhouse Coopers] for private companies in evaluating them in connection with [employee stock ownership plans], correct? A: Correct.").
[7] Fed. R. Civ. P. 26(a)(2)(B)(ii).

Case No. 1:17-cv-1755
Gwin, J.

The Court is not persuaded that the underlying information is discoverable under Rule 26(a)(2)(B)(ii). It is a truism that an expert's experience in similar cases informs their opinions. Krillenberger's acknowledgment of this truism does not, standing alone, entitle Defendant to everything Krillenberger worked on throughout his career. And as Plaintiff points out, Rule 26(a)(2)(B)(iv) and (v) specifically designates expert work done within a specific timeframe as discoverable—not, as Defendant suggests, all engagements that provided Krillenberger career experience. Defendant is only entitled to "facts or data" Krillenberger actually consulted in his report, which Plaintiff has disclosed.

### B. Documents Related to Krillinberger's Pre-Litigation Graphite Sales, Inc. Work

Defendant also argues that Krillenberger must disclose any documents relating to pre-litigation consultant work he did for Plaintiff.

Plaintiff states that he has partially resolved this request by providing a list of documents Krillenberger actually considered in forming his opinion, including any pre-litigation work. However, Plaintiff argues that Rule 26(b)(4)[8] bars this request insofar as Defendant seeks *drafts* of Krillenberger's previous opinions in this case. The Court agrees.

Defendant cites to a 2007 decision in *Euclid Chem. Co. v. Vector Corrosion Techs., Inc.* for the proposition that all material "authored" by the expert is discoverable material "considered" in his report under Rule 26(a)(2)(b)(ii).[9] However, that decision predates the 2010 amendments to Rule 26, which added Rule 26(b)(4)(B) protecting drafts of any report.

---

[8] Fed. R. Civ. P. 26(b)(4).
[9] *See Euclid Chem. Co. v. Vector Corrosion Techs., Inc.*, No. 1:05CV80, 2007 WL 1560277, at *1 (N.D. Ohio May 29, 2007) ("[C]ourts have interpreted 'considered' broadly to include anything *authored*, received, read, or reviewed by the expert" (emphasis added)).

-3-

As the advisory committee notes to this amendment discuss, Rule 26(b)(4) was intended to narrow the scope of expert discovery and preclude the discovery of expert report drafts.[10]

### C. Krillenberger's Other Work As An Expert For Plaintiff

Finally, at his deposition Krillenberger declined to respond to an inquiry regarding the *number* of times he opined that a valuation firm had erred in his past work for Plaintiff Secretary of Labor.[11] Defendant requests this information, as well as the number of times he opined that an employee stock ownership plan overpaid for stock. Defendant argues that this information is discoverable because it is probative of potential bias.

Plaintiff counters that Defendant is seeking discovery relating to Krillenberger's work as a consulting expert, work in which he was not expected to testify. They argue that Rule 26(b)(4)(D) bars discovery of this information. The rule states that "a party may not . . . discover facts known or opinions held by an expert . . . who is not expected to be called as a witness at trial."[12]

The Court agrees. Admittedly, the rule is ambiguous. It would undoubtedly apply if Krillenberger did not testify here. However, it does not specify whether it would protect a testifying witness like Krillenberger from disclosing facts and opinions in *other* matters in which he did not testify.

---

[10] *See* Fed. R. Civ. P. 26, advisory committee's note to 2010 amendment. ("Many courts read the disclosure provision [of Rule 23(a)(2)] to authorize discovery of . . . draft reports. The Committee has been told repeatedly that routine discovery into attorney-expert . . . draft reports has had undesirable effects.").
[11] *See* Doc. 37-2 at 11 ("Q: In how many of the [Department of Labor] ESOP valuation matters that you've worked on have you come to the conclusion that the valuation firm erred?").
[12] Fed. R. Civ. P. 26(b)(3)(D).

Case No. 1:17-cv-1755
Gwin, J.

The Court does not need to resolve this ambiguity here, because attorney-expert communications are generally privileged.[13] And here, Plaintiff is the holder of the privilege because the Secretary of Labor is the one who retained Krillenberger in the past matters. This outcome is consistent with Rule 26(b)'s overall aim: to bar discovery of attorney-expert communications and encourage frank attorney-expert consultation.[14]

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Defendant's motion to compel.

IT IS SO ORDERED.

Dated: January 25, 2019          *s/    James S. Gwin*
                                 JAMES S. GWIN
                                 UNITED STATES DISTRICT JUDGE

---

[13] *See Arkwright Mut. Ins. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 19 F.3d 1432 (6th Cir. 1994) (table) (attorney-client privilege extends to communications made to an attorney's agent for the purpose of receiving legal advice); *United States v. Kovel*, 296 F.2d 918, 921 (2d Cir. 1961) ("The assistance of these agents being indispensable to his work . . . the [attorney-client] privilege must include all the persons who act as the attorney's agents.").

[14] *See* Fed. R. Civ. P. 26, advisory committee's note to 2010 amendments (protecting attorney-expert communications, because discovery of these communications discouraged frank attorney-expert collaboration for fear that "disclosure of their collaborative interactions with expert consultant would reveal their most sensitive and confidential case analyses").

-5-